**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| CATHERINE ISABELLA MORRIS, )<br>          Plaintiff,  )<br>                  )<br>vs.               )<br>                  )<br>LOLLIPOP GANG & CONSPIRATORS,)<br>                  )<br>          Defendants.   ) | Nos. 03:13-cv-02084-HU<br>     03:13-cv-02085-HU<br>     03:13-cv-02086-HU<br><br>**ORDER ON APPLICATIONS TO<br>PROCEED *IN FORMA PAUPERIS*,<br>AND FINDINGS & RECOMMENDATIONS<br>ON INITIAL REVIEW** |

_____

Catherine Isabella Morris
P.O. Box 173
Salem, OR 97308

   Plaintiff *pro se*


HUBEL, Magistrate Judge:

   This matter is before the court on the *pro se* plaintiff's applications to Proceed *In Forma Pauperis* (Dkt. #2 in each of the three cases), which she filed on December 22, 2013, together with a proposed Complaint (Dkt. #1 in each of the three cases). The court finds the plaintiff's applications meet the requirements set forth in 28 U.S.C. § 1915(a)(1), showing that the plaintiff is unable to pay the filing fee. Accordingly, the plaintiff's applications to proceed *in forma pauperis* are **granted**. However, for the reasons set forth below, the undersigned recommends all three cases be dismissed without leave to amend.

   Despite having granted the plaintiff's application to proceed *in forma pauperis*, the court must dismiss a case if the court finds

1 - INITIAL REVIEW ORDER

the plaintiff's claims are frivolous, fail to state a claim for which relief may be granted, or seek monetary relief against a defendant who is immune from the requested relief. 28 U.S.C. § 1915(e)(2). In addition, Federal Rule of Civil Procedure 12(h)(3) mandates dismissal of an action if the court determines that it lacks subject-matter jurisdiction.

The plaintiff apparently attempts to invoke this court's jurisdiction on the basis of federal question. In two of her Complaints, she alleges a violation of the federal statute prohibiting stalking, 18 U.S.C. § 2261A. She alleges "Cyber-Stalking" in Case No. 03:13-cv-02084-HU, and "Interstate Stalking" in Case No. 03:13-c-02086-HU. In each case, the plaintiff's jurisdictional statement consists of a single, indecipherable sentence, to-wit: "United States Citizen currently registered in Marion County Sheriff Department as XX (rather than US)." In any event, while the court has jurisdiction over violations of the anti-stalking statute, those violations constitute criminal offenses for which criminal penalties are specified in 18 U.S.C. § 2261. The statute does not provide for a private right of action.

In Case No. 03:13-cv-02085-HU, the plaintiff brings a claim entitled "Conspiracy against Rights," purportedly in violation of 18 U.S.C. § 24. However, 18 U.S.C. § 24 merely defines the terms "Federal health care offense" and "health care benefit program" for purposes of certain criminal violations. She sets forth the same jurisdictional allegation as in the other two cases.

Even if the court had jurisdiction, the plaintiff's Complaints in all three of these cases fail to meet even general notice-

2 - INITIAL REVIEW ORDER

pleading standards. She has failed to include adequate jurisdictional allegations. None of her Complaints contains even "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(1)(2). And her prayer for relief (identical in all three cases) simply lists six statutes, none of which is relevant to the statutes under which she purports to sue, and none of which would provide her with any "relief." The plaintiff states, in her Prayer for Relief, the following:

> I will need to complete Relief as soon as Ex-parte Protection Orders are issued to stop chronic 24/7 external stimulation for over 3 years, thus my limited ability to process and produce information due to disabilities of mental psychotic, emotional and learning disorders. 4 SPO's and 1 EDAPA have already been denied in 4 different circuit courts.

Dkt. #1 in Case No. 03:13-cv-2085-HU (identical in the other two cases).

Simply stated, the plaintiff's Complaints in these three cases would fail to place any defendant on notice of the nature of her claims, and fail to convince the court that it has jurisdiction over her claims. The court finds the plaintiff has failed to state a claim in any of these three cases, and recommends all three cases be dismissed.

Ordinarily, before dismissing a *pro se* Complaint for failure to state a claim, the court must advise the plaintiff of the Complaint's deficiencies, and give the plaintiff leave to amend the pleading. However, the plaintiff's pleadings are so devoid of allegations that might convey the nature of her claims, the court finds itself unable to provide her with such advice. Leave to amend is not required where it is clear the Complaint's

3 - INITIAL REVIEW ORDER

deficiencies cannot be cured by amendment. *Turner v. Advantage N.W. Credit Union*, 2011 WL 2293095, at *1 (D. Or. June 3, 2011) (Brown, J) (citing *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008)).

Here, the court finds the plaintiff could not state a claim for which relief could be granted under either of the statutes under which she is attempting to sue. Therefore, the undersigned recommends all three of these cases be dismissed without leave to amend.

### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due by **January 3, 2014**. The Findings and Recommendations will go under advisement on that date.

IT IS SO ORDERED.

Dated this 16th day of December, 2013.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

4 - INITIAL REVIEW ORDER